## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

AMY V. HOOD,

                Plaintiff,

                v.                              CAUSE NO.: 1:19-CV-370-TLS

ANDREW SAUL, Commissioner of the
Social Security Administration,

                Defendant.

## OPINION AND ORDER

The Plaintiff Amy V. Hood seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) erred in weighing medical opinion evidence; failed to adequately account for the Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace; failed to consider the Plaintiff's impairments in combination; and erred in relying on the VE's job number estimates where the VE could not explain how the job numbers were determined. For the reasons set forth below, the Court finds that remand is required for further proceedings.

## PROCEDURAL BACKGROUND

On November 14, 2016, the Plaintiff filed an application for a period of disability and supplemental security income, alleging disability beginning on May 1, 2016. AR 15, 231, ECF No. 10. The claims were denied initially and on reconsideration. *Id*. at 130, 145. The Plaintiff requested a hearing, which was held before the ALJ on April 17, 2018. *Id*. at 32–95, 160–61. On August 14, 2018, the ALJ issued a written decision and found the Plaintiff not disabled. *Id.* at 12–26. On August 22, 2019, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking

reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 16], and the Commissioner filed a response brief [ECF No. 17]. The Plaintiff did not file a reply.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. § 416.905(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 416.920. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since November 14, 2016, the application date. AR 17.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 416.920(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of left knee pain/degenerative joint disease, with history of surgeries and patellofemoral syndrome/bursitis; primary sclerosing cholangitis, with autoimmune hepatitis overlap syndrome and quiescent liver disease; migraine headaches; obesity; history of bipolar

disorder, depression, and anxiety; and borderline intellectual functioning and learning disorder. AR 18.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 416.920(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 416.920(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.03, 5.05, 11.02, 12.04, 12.06, and 12.11. AR 18–19.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 416.920(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except the claimant is further limited as follows: the claimant should engage in only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; the claimant should never engage in climbing ladders, ropes, or scaffolds; the claimant should avoid concentrated exposure to loud noises, bright/flashing lights and hazards (operational control of dangerous moving machinery, unprotected heights, slippery/uneven/moving surfaces). Mentally, the claimant is limited to understanding, carrying out, and remembering simple instructions consistent with unskilled work (defined as occupations that can be fully learned within a short period of time of no more than 30 days, and requires little or no judgment to perform simple tasks), with the ability to sustain those tasks throughout the eight hour workday without frequent redirection to task; the claimant should be exposed to no sudden or unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually; work that does not require

3

satisfaction of strict or rigid production quotas or does not involve assembly-line pace work; the claimant should engage in only superficial interactions with supervisors, coworkers, and the general public, defined as occasional and casual contact with no prolonged conversations and contact with supervisors is short but allows the supervisors to give instructions; the claimant should only engage in work which would only require, at most, occasional simple reading, writing and math calculations.

AR 20–21.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 416.920(a)(4)(iv), (f). In this case, the ALJ noted that the Plaintiff has no past relevant work. AR 25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy, such as an addresser, document preparer, and table worker. AR 25–26. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 416.912.

The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, the Court considers whether the ALJ applied the correct legal

4

standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). The Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The Court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the Court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the Court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record, and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of

evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff raises multiple arguments, but the Court need only address one that compels remand. The VE's testimony is not supported by substantial evidence, and her inability to explain how she determined the job number estimates requires remand.

### A. Vocation Expert Testimony

The Plaintiff asserts that the VE could not provide an adequate explanation for how she determined job number estimates, and that the ALJ therefore relied on faulty testimony in determining the Plaintiff is not disabled. At the hearing, the VE testified as to the methodology she used to obtain job numbers for the specific job classifications. AR 93. She testified that she used SkillTRAN Job Browser Pro program, which uses information from the Bureau of Labor Statistics and the Occupational Employment Survey. *Id.* She stated that "there's no data source out there that provides us with an estimated number in correlation to a specific DOT code," but that the SkillTRAN program looks at the DOT code and then the information from the Bureau of Labor Statistics to "extrapolate an estimation that correlates to a DOT code." *Id.* The Plaintiff's attorney objected to these numbers and the VE's explanation. *Id.* at 94.

"A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008). "[A]ny method that the agency uses to estimate job numbers must be supported with evidence sufficient to provide some modicum of confidence in its reliability." *Chavez v. Berryhill,* 895 F.3d 962, 969 (7th Cir. 2018). But, where "the VE identifies a significant number of jobs the claimant is capable of performing and this testimony is uncontradicted (and is

otherwise proper), it is not in error for the ALJ to rely on the VE's testimony." *Liskowitz v. Astrue*, 559 F.3d 736, 745–46 (7th Cir. 2009). When the claimant challenges the VE's job number estimates, the ALJ "must require the VE to offer a reasoned and principled explanation" of the method used to produce the estimate. *Chavez*, 895 F.3d at 969. The VE's explanation must be enough to ensure that the estimate was not "conjured out of whole cloth." *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002).

The Seventh Circuit has not explicitly discussed SkillTRAN and its reliability in determining job numbers. However, the Seventh Circuit has held that a "vocational expert's job-number testimony will survive review under the substantial-evidence standard as long as it rests on a well-accepted methodology and the expert describes the methodology 'cogently and thoroughly.'" *Brace v. Saul*, 970 F.3d 818, 822 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1155). In *Brace*, the VE failed to explain how he arrived at his job estimates, and instead provided an "entirely unilluminating" answer in stating that "based upon the—my information that I have … we do an allocation based upon weighting or reweighting those allocations to get the estimates of the numbers." *Id.* The Seventh Circuit stated that the VE's testimony had no defined meaning and failed to satisfy the substantial-evidence standard. *Id.* at 823.

Here, we have a similar issue to the one presented in *Brace.* While the VE testified that she used SkillTRAN data in order to determine job number estimates, the VE could not elaborate as to how those numbers were achieved. *See* AR 93. Instead, the VE simply stated that SkillTRAN looks at the DOT code and then looks "at the percentages of numbers coming in from those various industries to extrapolate an estimation that correlates to a DOT code." *Id.* When asked if there was a mathematical formula to achieve the job estimates, the VE stated, "[t]hat's the methodology. They're looking at the percentage of numbers coming in from the

industries that that DOT code could be employed in." *Id.* The VE was unable to explain how those job number estimates were obtained. Stating that SkillTRAN "looks at the percentages" does not "cogently and thoroughly" explain the methodology of how the job number estimates were obtained as required by case law. *Biestek,* 139 S. Ct. at 1155. Nor did the VE state that her method for estimating job numbers was well accepted. The VE did not provide a detailed explanation of a well-accepted methodology as required by *Biestek*. *Id.*

The Commissioner asserts that the VE "provided a detailed explanation" of the methodology employed by SkillTRAN to obtain job estimate numbers. Def.'s Mem. 21, ECF No. 17. However, the VE did not provide a detailed explanation. The VE twice stated that SkillTRAN "looks at the percentages," but provided no explanation of how those percentages were obtained or how those percentages correlated to the larger and more expansive DOT codes. The VE failed to properly explain how the job number estimates were reached, and therefore the ALJ was in error for relying on testimony not supported by substantial evidence. This error requires remand.

### B. Other Arguments

The Plaintiff makes several other arguments regarding her RFC and several medical opinions. However, since remand is required due to the ALJ's reliance on VE testimony that was not supported by substantial evidence, these issues need not be addressed at this time. The Plaintiff can address her other concerns on remand.

### C. Award of Benefits

The Plaintiff asks the Court to reverse and remand for an award of benefits, or, in the alternative, for further proceedings. "An award of benefits is appropriate . . . only if all factual issues involved in the entitlement determination have been resolved and the resulting record

supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 16] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES the Plaintiff's request to award benefits.

SO ORDERED on October 28, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT